IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN R. WANDERER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-4225 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                June  27, 2022

Steven R. Wanderer ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on November 20, 1995, and protectively filed for DIB and SSI on February 18, 2020, alleging that he became disabled on November 1, 2019, as a result of autism spectrum disorder ("ASD"), major depressive disorder ("MDD"), and opioid dependence disorder.  Tr. at 380-81, 390, 391, 548, 558.[1]  After his claims were denied initially, id. at 429-32, and on reconsideration, id. at 439-41, 442-45, he requested a hearing before an ALJ, see id. at 446-48 (acknowledgement of request for hearing), which took place on May 3, 2021.  Id. at 30-61.  On May 14, 2021, the ALJ found that

---

[1]Plaintiff previously filed an application for DIB in March 2019, which was denied at the initial level on October 29, 2019.  Tr. at 381.

Plaintiff was not disabled. Id. at 16-25. On July 27, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's May 14, 2021 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1472.

Plaintiff initiated this action by filing his complaint on September 24, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 10, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted." Doc. 15 ¶ 2.[2]

## II.  DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairments of MDD and ASD. Tr. at 19. Notably, in reviewing the B criteria of the relevant mental health Listings, the ALJ found that Plaintiff had moderate limitation in the areas of understanding, remembering and applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself, and a marked limitation in the area of interacting with others. Id. at 19-20. In his assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing a full range of work at all exertional levels with the following nonexertional limitations: Plaintiff can understand and carry out detailed but uninvolved written or oral instructions and cannot interact with the general public. Id. at 20. The ALJ further found that Plaintiff could not perform his past relevant work, id. at 23, but that, based on the testimony of the

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

vocational expert ("VE"), there are jobs that exist in significant numbers in the national economy that he can perform, specifically housekeeping/cleaner, kitchen helper, and landscaper laborer. Id. at 24. Plaintiff contends that (1) the ALJ's RFC assessment failed to accommodate the marked limitation he found in Plaintiff's ability to interact with others, (2) the ALJ relied too heavily on the mental status examinations ("MSEs") in considering Plaintiff's mental impairments, (3) the ALJ failed to consider Plaintiff's school records as required by a Social Security Ruling, and (4) the ALJ failed to properly consider Plaintiff's testimony. Doc. 10 at 6-22.[3]

In view of the Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and the record. First, Plaintiff complains that the ALJ's RFC assessment and the hypothetical posed to the VE did not adequately accommodate the marked limitation the ALJ found in Plaintiff's ability to interact with others. In order for a VE's testimony to constitute substantial evidence, the hypothetical question posed must consider all of the claimant's impairments which are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (citing, inter alia, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)). "Hypotheticals are considered deficient when important factors are omitted or the claimant's limitations are not adequately portrayed."

---

[3] Plaintiff also challenges the propriety of the appointment of the Commissioner pursuant to Seila Law LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183 (2020), arguing that the violation of the separation of powers results in a constitutionally defective decision. Doc. 10 at 4-6. Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this argument.

Emery v. Astrue, Civ. No. 07-2482, 2008 WL 5272454, at *3 (E.D. Pa. Dec. 18, 2008) (citing Podedworny, 745 F.2d at 218).

      Here, in considering the B criteria of the relevant mental health Listings, the ALJ found that Plaintiff had a marked limitation in his ability to interact with others. Tr. at 19. In addressing this limitation in the RFC, the ALJ found that Plaintiff could not have any contact with the general public. Id. at 20. However, without explanation, the ALJ imposed no limitation on Plaintiff's interaction with co-workers and supervisors. In reviewing the opinion evidence, the ALJ found the opinion of consultative examiner Beau Brendley, Psy. D., persuasive. Id. at 22 (citing id. at 737-46). Dr. Brendley found that Plaintiff had moderate limitation in his abilities to interact appropriately with the public, supervisors, and co-workers. Id. at 743. However, the ALJ failed to include any limitation on Plaintiff's ability to interact with co-workers and supervisors. This inconsistency requires explanation and provides a basis for remand.

      Plaintiff also complains that the ALJ over-relied on the MSEs in the record and cites other portions of the relevant reports to provide evidence of greater symptoms and limitations related to Plaintiff's mental/cognitive impairments. I note that some of the portions of the reports on which Plaintiff relies are his self-reports regarding his current functioning, not observations or conclusions of the doctor. See, e.g., Doc. 10 at 18 (citing tr. at 754) ("he does not know how to talk to people and . . . has difficulty with social interactions," which appears in Plaintiff's statement of his current functioning). However, the ALJ repeatedly refers to "otherwise normal [MSE] findings" to support the mental functioning assessments in the record. Tr. at 21-23. Yet, a review of narrative

4

portions of the examinations provides a different picture. See e.g., id. at 755 (Dr. Kramer – "He was a bit off, and his social communication and interaction was slightly off as he did not seem to follow all social cues."). Despite reciting this notation in his statement of the evidence, id. at 22, the ALJ glossed over this in referring to "otherwise normal [MSE] findings." Id. at 23. On remand, the ALJ should reconsider the mental health treatment/cognitive evidence in the record including the narrative portions of the reports.

In addition, Plaintiff complains that the ALJ failed to consider Plaintiff's school records. Social Security Ruling 11-2p, Titles II and XVI: Documenting and Evaluating Disability in Young Adults, states that when evaluating disability in claimants aged 18 to 25, the Administration may consider evidence from school programs, specifically citing Individualized Education Programs ("IEPs"), to aid in the evaluation of the severity and impact of a young adult's impairments. 2011 WL 4055665, at *2, 5-6 (Sept. 12, 2011). Despite inclusion of Plaintiff's IEPs in the record, tr. at 302-69 (2009-2013), 619-76 (2009-2014), the ALJ failed to address this evidence in considering the Listings, id. at 19-20, or in determining Plaintiff RFC. Id. at 20-23. Thus, the court is unable to determine if the ALJ considered these records and found that they were not persuasive or overlooked them altogether. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000) (ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence, [and] '[i]n the absence of such indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored'") (citing Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), and quoting

Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). On remand, the ALJ shall explain his consideration of the school records.

Finally, Plaintiff complains that the ALJ failed to properly consider his testimony. Reconsideration of the mental health treatment/cognitive evidence will impact consideration of Plaintiff's testimony, and in requesting the remand, Defendant has agreed to offer Plaintiff a new hearing. I find no reason to address this claim further.

### III. CONCLUSION

Defendant has stated that on remand, an ALJ will offer Plaintiff a new hearing and further evaluate the evidence. Doc. 15 ¶ 3. Because further evaluation of the evidence and a new hearing should address the issues he has presented in his Request for Review, I will grant Defendant's uncontested motion for remand

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN R. WANDERER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 21-4225 |

**O R D E R**

AND NOW, this 27th day of June, 2022, upon consideration of Plaintiff's brief (Doc. 10), Defendant's Uncontested Motion to Remand (Doc. 15), and the administrative record (Doc. 7), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey
_____
ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN R. WANDERER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | : | NO. 21-4225 |

## JUDGMENT ORDER

AND NOW, this 27th day of June, 2022, the Court having separately ordered the remand of this action for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

                                            BY THE COURT:

                                            /s/ Elizabeth T. Hey

                                            _____

                                            ELIZABETH T. HEY, U.S.M.J.